IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, WILLIAM MCCONNELL, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BENJAMIN CAPP, as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, <br><br> and, <br><br> JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES BOLAND, TED CHAMP, RAYMOND CHAPMAN, VINCENT DELAZZERO, BRUCE DEXTER, JOHN FLYNN, EUGENE GEORGE, GREGORY HESS, FRED KINATEDER, DAN KWIATKOWSKI, KEN LAMBERT, SANTO LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, EDWARD NAVARRO, GERALD O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, and FRED VAUTOUR, as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE, <br><br>                Plaintiffs, <br><br>   v. <br><br> CMU CONSTRUCTION CO. INC., <br><br>                Defendant. | C.A. No. 1:07-cv-01966 |

DEFENDANT'S ANSWER

Defendant, by undersigned counsel, submits this Answer to the Complaint in this matter.

FIRST DEFENSE

1.      Defendant is without information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and demands proof thereof.

2. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and demands proof thereof.

3. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint and demands proof thereof.

4. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint and demands proof thereof.

5. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and demands proof thereof.

6. Defendant admits the allegation in paragraph 6 of the Complaint that it maintains offices and conducts business in the state of New Jersey.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits that it has executed collective bargaining agreements with the Union, but relies on the terms of those agreements to speak for themselves.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegation in paragraph 10 of the Complaint that it has made payments to Plaintiffs.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies that Plaintiffs are entitled to the relief demanded in the WHEREFORE clause of the Complaint.

16. All allegations of the Complaint not specifically admitted are hereby denied.

## SECOND DEFENSE

The Complaint must be dismissed because it fails to state a claim against Defendant upon which relief may be granted.

## THIRD DEFENSE

The Complaint must be dismissed because Plaintiffs have failed to exhaust their contractual and administrative remedies.

## FOURTH DEFENSE

The Complaint must be dismissed because Plaintiffs lack standing to bring the claims asserted in the Complaint.

Respectfully submitted,

/s/
John R. Woodrum
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
Fifth Floor
2400 N Street, N.W.
Washington, DC  20037
Phone:  (202) 887-0855
Fax:  (202) 887-0866
john.woodrum@odnss.com

5383255